IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN ALAN ALBERTS, II, ED.D. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-399 |
| | ) | Judge Gary L. Lancaster |
| WHEELING JESUIT UNIVERSITY and | ) | Magistrate Judge Lisa Pupo Lenihan |
| DR. LETHA ZOOK | ) | Doc. Nos. 39, 40, 42 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss Amended

Complaint or In the Alternative to Transfer (Docket No. 40) be granted in the form of transfer of

this action to the United States District Court for the Northern District of West Virginia under 28

U.S.C. § 1406(a), owing to improper venue.   It is further recommended that Defendants'

September 9, 2009 Motions to Dismiss on other grounds (Docket Nos. 39 and 42) be denied, as

they will be mooted by this Court's grant of Defendants' request for transfer.

### II. REPORT

This case is a civil rights action for discrimination and retaliation under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment

Act ("the ADEA"), 29 U.S.C. § 621 *et seq.*,  in connection with the *pro se* Plaintiff's allegedly

coerced resignation from employment with Defendant Wheeling Jesuit University ("WJU"),

located exclusively in West Virginia.  Defendant Dr. Letha Zook ("Zook") is a resident of West

Virginia employed as Academic Vice President of the University.   It is recommended that the

instant action be transferred.

### A.  Statement of Facts

Plaintiff is currently a resident of Pennsylvania.  During 2006 and 2007, however, he

resided in West Virginia and was employed there by WJU as Director of Teacher Preparation.

Plaintiff's allegations include that he was subject to gender and age discrimination during the

course of his employment at WJU, that his filing of a related complaint with the Equal

Employment Opportunity Commission ("EEOC") resulted in retaliation by Zook, that his

resignation was coerced, and that Zook - despite providing a positive letter of recommendation -

has subsequently been unwilling to speak with potential employers on Plaintiff's behalf.

Plaintiff's Petition to Proceed *In Forma Pauperis* was granted, and his Complaint filed,

on April 9, 2009.  Following Defendants' Motions to Dismiss for (1) Failure to State a Claim, (2)

Improper Venue, and (3) Lack of Jurisdiction and Insufficient Service of Process (See Docket

Nos. 14-16), Plaintiff filed his Amended Complaint on August 13, 2009.  Defendants' reiterated

Motions were filed in early September, 2009.  (See Docket Nos. 39, 40, 42).

Defendants assert, in their Motion to Dismiss for Improper Venue or, in the Alternative,

to Transfer Venue, that venue is improper because the acts complained of by the Plaintiff - *i.e.*,

employment discrimination and retaliation - occurred in West Virginia, where the University is

located, where Plaintiff resided and was employed, and where the related employment records

are maintained.

### B.  Motions to Dismiss or Transfer

2

The Court considering a motion to dismiss for lack of proper venue under Rule 12(b)(3) "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). In addition, when the plaintiff is proceeding *pro se*, the factual allegations should be held to less stringent standards. See, *e.g.*, Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000).

The statutory provisions governing transfer in the case of improper venue require that "[t]he District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**C**. **Analysis**

**(1) Title VII**

Defendants correctly explain the Title VII venue standards applicable to this portion of the case. See Brief in Support of Motion to Dismiss the Amended Complaint or In the Alternative to Transfer. The pertinent language of 42 U.S.C. § 2000e-5(f)(3) requires that the action:

> may be brought (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but (4) if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

It is clear that this District is not the appropriate venue for Plaintiff's Title VII claims. Rather, as Defendants observe, venue is improper under each of Title VII's three (3) criteria.

Resort to the final provision is unnecessary as the Defendants can be found in the Northern District of West Virginia where this action could have been filed.

**(2) ADEA**

As Defendants also note, venue with regard to Plaintiff's ADEA claim(s) is governed by the general venue provisions of 28 U.S.C. § 1391(e).  Specifically, in a case premised on diversity, venue may rely on (a) the establishment of personal jurisdiction, *i.e.*, through minimum contacts, or (b) on a "substantial events" analysis addressed largely by consideration of the same allegations.[1]

**Personal Jurisdiction**

In this case, the Defendants reside in Northern District of West Virginia and are not subject to the general or specific jurisdiction of Pennsylvania.  General jurisdiction is clearly inapplicable.  And specific jurisdiction is present when the claim is related to and *arises out of* a defendant's "minimum contacts" with the forum such that s/he should reasonably anticipate being haled into court there.  See, *e.g.*, IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998).  Minimum contacts is a "fair warning" requirement that must "take into account the relationship among the forum, the defendant and the litigation".  Burger King Corp. v. Rudzewicz, 471 US. 462, 477 (1985); Mellon Bank (east) PSFS, Nat'l Ass'n v. Farino , 960 F.2d 1217, 1221 (3d Cir. 1992).  It may be "satisfied if the defendant has purposefully directed [his]

---

1. See 28 U.S.C. § 1391 (providing that venue in a diversity action may arise from (a) defendant's residence in the forum state; (b) the occurrence of a "substantial part of the events or omissions giving rise to the claim", or the situs of a substantial part of the property at issue, in the forum state; or (c) defendant's proper subjection to personal jurisdiction in the forum state "if there is no district in which the action may otherwise be brought").

activities at residents of the forum."  Burger King, 471 U.S. at 462.  In contrast, specific

jurisdiction cannot be the result of random, fortuitous or attenuated contacts.

Plaintiff's assertion that he has felt some effects of his job loss while subsequently

residing in Pennsylvania is insufficient to establish jurisdiction over the Defendants. See, *e.g.*,

Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) (explaining that effect of harm

in the forum is insufficient; defendant must have "targeted and focused" his conduct on the

forum); cf. Heller v. Deutsche Bank AG, 2005 U.S. Dist. LEXIS 1612, *16-17 (E.D. Pa. Feb. 3,

2005) (explaining that under the "effects test" for intentional tort, specific jurisdiction requires

that plaintiff felt the brunt of the harm in the forum *and* that defendant expressly aimed his

conduct at the forum).

Nor would an exchange of communication within the forum state be, without more,

sufficient to personal jurisdiction.  See, *e.g.*, Vetrotex Certainteed Corp. v. Consolidated Fiber

Glass Prod. Co., 75 F.3d 147, 152 (3d Cir. 1995); Rotondo Weinreich Enterprises, Inc. v. Rock

City Mechanical, Inc., 2005 WL 119571, *5 (E.D. Pa. Jan 19, 2005) (concluding that

correspondence, e-mail and "numerous" telephone conversations with plaintiff in Pennsylvania

were insufficient to demonstrate that defendant "purposefully availed itself of the privilege of

conducting activities in Pennsylvania sufficient to subject it to the exercise of personal

jurisdiction") (citing Burger King, 471 U.S. 476); Novacare, Inc. v. Strategic Theracare Alliance,

1999 WL 259848, *8 (E.D. Pa. April 30, 1999)(explaining that while phone calls and letters may

be counted toward the minimum contacts necessary for jurisdiction, they are insufficient when

taken alone) (citing Banyan Healthcare Servs, Inc. v. Laing, 1998 WL 633991 (E.D. Pa. Aug. 20,

1998); Harris v. Trans Union, LLC, 197 F.Supp.2d 200, 201-02 (E.D. Pa. 2002); Grand Ent.

Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993); Lynch v. N.J. Auto. Full

Ins. Underwriting Ass'n, 762 F.Supp. 101, 104 (E.D. Pa. 1991)).  Cf. generally IMO Indus., Inc.

v. Kiekert AG, 155 F.3d 254, 259 n. 3 (3d Cir. 1998) (holding that "[t]he weight of authority

among the courts of appeal is that minimal communication between the defendant and the

plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that

state's court system") (citing cases therein).

### Substantial Events

Plaintiff's remaining grounds for venue, *i.e.*, that a substantial part of the events giving

rise to the claim occurred in Pennsylvania, must similarly fail.  For just as the events and issues

could not support personal jurisdiction in Pennsylvania, they cannot support venue.  The cause of

action arose and the related injuries occurred in Wheeling, West Virginia, where Plaintiff

resided, was employed, and resigned, and where the relevant records are maintained.[2]

### (3)  Transfer

The provisions of 28 U.S.C. § 1406(a) authorize transfer or dismissal when venue is

improper.[3]  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (concluding that

discretionary transfer under § 1406(a) does not require personal jurisdiction); Andrews v.

---

2.  Cf. Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (explaining that § 1391, as amended in 1990, "still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial'" and noting that "[substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute"); 59 A.L.R. Fed. 320 (noting that, in examining venue under § 1391, courts "look not to a single event, but to the entire sequence of events underlying the claim").

3.  "The District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Compusa, Inc., 2000 WL 623234, \*3 (E.D. Pa. May 12, 2000) (collecting cases from other

jurisdictions holding that § 1406(a) permits transfer absent personal jurisdiction).

Having concluded that venue is not proper, and given the procedural posture of this case,

the Report recommends transfer rather than dismissal. Dismissing the action and requiring the

*pro se* Plaintiff to refile his Complaint would be unduly duplicative and costly.  See generally

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (stating that "[n]ormally transfer will be in

the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-

consuming and justice-defeating'").[4]

## III.  CONCLUSION

It is accordingly respectfully recommended that the Defendant's Motion to Dismiss the

Amended Complaint or In the Alternative to Transfer Venue (Docket No. 40) be granted as to a

transfer of this action, under 28 U.S.C. § 1406(a), to the United States District Court for the

Northern District of West Virginia, and that its alternative Motions to Dismiss on various

grounds (Docket Nos.  39 and 42) be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Rule 72.D.2  of the Local Rules of Court, the parties are allowed ten (10) days from the date of

service of a copy of this Order to file objections to this Order.  Any party opposing the

objections shall have ten (10) days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.

---

4.   See, *e.g.*, Lawman Armor Corp. v. Simon, 319 F.Supp.2d 499, (E.D. Pa. 2004) (proper
course was to transfer to federal district where jurisdiction existed and venue was proper). Cf.
F/V Anna Maried, N.J. v. F/V Anna Marie, 2006 WL 995411, \*3, n. 5 (D.N.J. April 11, 2006)
(noting that, under § 1406(a), the court has "'broad discretion in deciding whether to order a
transfer'") (quoting Decker v. Dyson, 2006 U.S.App. LEXIS 1272, \*7 n.3 (3d Cir. Jan. 19, 2006).

LISA PUPO LENIHAN
United States Magistrate Judge


Dated: September  18,  2009



cc:  Counsel of Record

**STEPHEN ALAN ALBERTS, II**
414 Park Drive
Apartment 2
Canonsburg, PA 15317